# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**PETER BENITEZ a/k/a Pedro Juan Figueroa,**

          **Petitioner,**

-vs-                           Case No. 2:08-cv-956-FtM-99DNF
                                      2:96-cr-14-FtM-29DNF

**UNITED STATES OF AMERICA,**

          **Respondent.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the Petitioner, Peter Benitez, a/k/a Pedro Juan Figueroa's Motion under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) filed on December 22, 2008. On August 13, 2009, the Honorable John E. Steele, United States District Judge entered an Opinion and Order (Doc. 7) which referred the issue of ineffective assistance of counsel "for the purposes of holding an evidentiary hearing and submitting a report and recommendation." (Doc. 7, p. 5). An evidentiary hearing was held on October 14, 2009. The Court appointed Attorney Bjorn Erik Brunvand to represent the Petitioner.

**I. History of Case**

On September 19, 2006, the Petitioner was sentenced to a term of imprisonment of 121 months; and supervised release of 60 months. (Docs. 194, 201 in Case No. 2:96-cr-14). On October 16, 2007, a Petition for Warrant or Summons for Offender Under Supervised Release (Doc. 286 in

Case No. 2:96-cr-14) was filed. According to the Petition, the Petitioner committed the following offenses:

1. **New criminal conduct, Aggravated Battery with Deadly Weapon, occurring on October 12, 2007 while on supervision in violation of the conditions of supervision**: (DISPOSITION PENDING): On October 12, 2007, the defendant did strike Tony Delgado with a hammer in Lee County, Florida. He was subsequently charged with Aggravated Battery with Deadly Weapon (to wit: a framing hammer) in Lee County, Fort Myers, Florida.

2. **New criminal conduct, Aggravated Battery with Deadly Weapon, occurring on October 12, 2007 while on supervision in violation of the conditions of supervision**: (DISPOSITION PENDING): On October 12, 2007, the defendant did strike Tammy Bartlett Figueroa with his vehicle at their residence in Lee County, Florida. He was subsequently arrested for Aggravated Battery with a Deadly Weapon to wit: a motor vehicle in Lee County, Fort Myers, Florida.

(Doc. 286 in Case No. 2:96-cr-14). A Final Revocation hearing was held on December 20, 2007. The Petitioner's Supervised Release was revoked, and he was sentenced to 24 months imprisonment, and reimposed 24 month supervised release. (Docs. 302, 305 in Case No. 2:96-cr-14).

**II. Testimony**

The Government presented the testimony of Russell Rosenthal, Assistant Public Defender.[1] (Tr[2]. p. 3-4). Mr. Rosenthal testified that he represented Mr. Benitez. (Tr. p. 7). Mr. Rosenthal testified that he had no independent recollection at the sentencing of whether Judge Steele informed Mr. Benitez of his right to appeal. (Tr. p. 7). He knew that Judge Steele's present practice is to advise every defendant of his right to appeal after sentencing, however, Mr. Rosenthal did not recall when Judge

---

[1] The Petitioner waived his attorney/client privilege as to the ineffective assistance of counsel issue. (Tr. p. 5-6)

[2] "Tr." refers to the Transcript of the Evidentiary Hearing (Doc. 12).

Steele began this practice. (Tr. p. 7). Mr. Rosenthal has no independent recollection of having conversations with Mr. Benitez and does not have any independent recollection of having any face-to-face contact with Mr. Benitez. (Tr. p. 8). Mr. Rosenthal has a letter from the Petitioner and has his time records for the case. (Tr. p. 8) His time records indicate that on January 2, 2008, Mr. Rosenthal had a telephone call with the Petitioner which lasted around ten to fifteen minutes. (Tr. p. 9). Mr. Rosenthal does not have a recollection of that conversation, however January 2, 2008 was within the time frame to file an appeal. (Tr. p. 9-10, 32). Mr. Rosenthal has a copy of a letter that he sent to the Petitioner dated January 14, 2008 which makes reference to a prior conversation with the Petitioner. (Tr. p. 10-11). The letter stated that the Petitioner indicated that he did not wish to appeal the sentence and Mr. Rosenthal testified that he agreed with that decision. (Tr. p. 11-12). Mr. Rosenthal testified that the Petitioner did not request that Mr. Rosenthal file a notice of appeal on the Petitioner's behalf. (Tr. p. 12). It is Mr. Rosenthal's general practice after sentencing to discuss with a client if there are any advantages or disadvantages in filing an appeal, and then ask the client if he wishes to file an appeal. (Tr. p. 13). It is Mr. Rosenthal's general practice that if a client asks to have an appeal filed, Mr. Rosenthal will file an appeal. (Tr. p. 13). He follows his clients wishes and will file a notice of appeal even if he does not recommend appealing. (Tr. p. 18). Mr. Rosenthal did receive a letter that may have been from the Petitioner that was forwarded from the Petitioner's wife which asked Mr. Rosenthal to send a copy of the judgment and a copy of the Petition on Supervised Release. (Tr. p. 15). The fax date on the letter was March 17, 2008. (Tr. p. 28). Mr. Rosenthal sent these documents. No mention was made of an appeal. Mr. Rosenthal recalls that at sentencing he was relieved that Judge Steele did not sentence the Petitioner to a maximum sentence, and imposed a sentence below the Guidelines. (Tr. p. 17-18). Mr. Rosenthal testified that he was certain that Mr. Benitez never

affirmatively told him that he wished to appeal. (Tr. p. 32-33). Mr. Rosenthal also testified that he never failed to file a notice of appeal when directed by his client. (Tr. p. 33). Mr. Rosenthal takes the right to appeal very seriously. (Tr. p. 16).

On cross-examination, Mr. Rosenthal testified that he does not remember the Petitioner asking him to file an appeal. (Tr. p. 19). However, if the Petitioner asked to file an appeal, then Mr. Rosenthal would have filed an appeal. (Tr. p. 21). Mr. Rosenthal testified that he had a vague recollection of discussing the issue of appeal with Mr. Benitez, and Mr. Benitez indicated he did not want to appeal his case. (Tr. p. 25).

### III. Analysis

The Supreme Court held in *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Id*. at 694. To determine if counsel was deficient in failing to file a notice of appeal, a court must first ask: "whether counsel in fact consulted with the defendant about an appeal. We employ the term 'consult' to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). If counsel did consult with his client, then the question of whether counsel's performance is ineffective can be answered as follows: "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instruction with respect to an appeal." *Id*. The defendant is not required to establish that his direct appeal has merit, he is only required to show that "his counsel's constitutionally deficient performance deprived him of an appeal he would have otherwise taken - i.e., the defendant expressed to his attorney

a desire to appeal." *McElroy v. United States*, 2007 WL 4393955, *1 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. at 484, and *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005)).

There is no *per se* constitutional duty to consult with a client about an appeal. *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007). Some cases require consultation and some do not. *Id*. "This duty to consult arises when either '(1) any rational defendant would want to appeal, or (2) his particular client reasonably demonstrated an interest in appealing.'" *McElroy v. United States*, 2007 WL 4393955, *1 (11th Cir. 2007), (citing *Gomez-Diaz v. United States,* 433 F.3d 788, 792 (11th Cir. 2005) and quoting *Flores-Ortega*, 528 U.S. at 480)).

One factor to consider is whether the defendant received the sentence that he bargained for. *Otero v. United States*, 499 F.3d at 1270. Another factor to be considered by the Court is whether the defendant entered a plea of guilty or went to trial. *Flores-Ortega*, 528 U.S. at 480. When entering a guilty plea, it indicates that a defendant is "'seek[ing] an end to judicial proceedings.'" *Otero v. United States*, 499 F.3d at 1270 (quoting *Flores-Ortega*, 528 U.S. at 480). If the defendant entered a plea of guilty, then the scope of the issues to be appealed is lessened. *Flores-Ortega,* 528 U.S. at 480. However, even if the defendant contractually waived the right to appeal, counsel may be ineffective for not filing a notice of appeal when directed by the defendant because the merits of an appeal are not to be considered when determining whether an out-of-time appeal should be permitted. *Gaston v. United States*, 237 Fed.Appx. 495, 497 (11th Cir. 2007). Prejudice is presumed when counsel fails to file a notice of appeal when requested by a defendant. *Id.* at 496 (citing *Flores-Ortega*, 528 U.S. at 483). If the Court determines that counsel was ineffective for not filing a notice of appeal, then the court must

vacate the judgment, reimpose the same sentence, and inform the defendant of his right to appeal and that he has ten days in which to file a notice of appeal. *Id* at 497.

In the instant case, there was no evidence presented by the defense. The only evidence presented was the testimony of Mr. Rosenthal. Mr. Rosenthal had no independent recollection of the conversation he had with the Petitioner after sentencing. However, Mr. Rosenthal testified that it was his practice to explain to each of his clients after sentencing the advantages and disadvantages of filing an appeal. Mr. Rosenthal has time records indicating that he had a telephone conversation with the Petitioner within the time frame to appeal that lasted around ten minutes. Further, Mr. Rosenthal had a copy of a letter that he sent to the Petitioner which indicated that the Petitioner did not want to appeal. Mr. Rosenthal also testified that if the Petitioner asked for him to file an appeal, then Mr. Rosenthal would have filed an appeal. Mr. Rosenthal's testimony was credible. He was clear that it is his practice to discuss the advantages and disadvantages of filing an appeal with his client after sentencing, and if asked to file an appeal, he would file an appeal.

### IV. Conclusion

The Court finds that Attorney Russell Rosenthal was not ineffective in not filing an appeal, and respectfully recommends that the issue of ineffective assistance of counsel for failing to file a direct appeal be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   10th    day of November, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record